IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FREDA MENSAH,

       Plaintiff,

v.

MOREHOUSE SCHOOL OF
MEDICINE,

       Defendant.

CIVIL ACTION NO.
1:16-CV-3359-WSD-LTW

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

This case is presently before the Court on Defendant Morehouse School of Medicine's Motion for Summary Judgment. (Doc. 14). For the reasons outlined below, the Court **RECOMMENDS** that this lawsuit be **REMANDED** to the Superior Court of Fulton County because the Court lacks subject matter jurisdiction. The disposition of Defendant's pending summary judgment motion should be **DEFERRED** to the Superior Court of Fulton County. (Doc. 14).

## I.    BACKGROUND

On July 22, 2016, Plaintiff Freda Mensah ("Plaintiff") filed this lawsuit against Defendant Morehouse School of Medicine ("Defendant") in the Superior Court of Fulton County. (Doc. 1-1). Plaintiff alleges causes of action for breach of contract, damage to reputation, liability for punitive damages, and entitlement to attorneys' fees due to Defendant's bad faith and stubborn litigiousness. Plaintiff's claims stem from

Defendant's alleged failure to comply with the terms of a settlement reached by the parties in a prior litigation.  Specifically, Plaintiff avers in her Complaint, that she is a medical resident enrolled in Defendant's Community Pediatric Residency Program. (Compl. ¶ 2).  Plaintiff avers that she previously brought suit against Defendant in the United States District Court for the Northern District of Georgia in 2014, alleging that Defendant discriminated against her on the basis of her disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12182 ("the ADA") and the Rehabilitation Act, 29 U.S.C. § 701, when Defendant denied her requests for reasonable accommodation and dismissed her from the residency program.  (See Mensah v. Morehouse Sch. of Medicine, No. 1:14-CV-1991, Am. Compl., Doc. 7, at ¶¶ 65-79 (N.D. Ga. Aug. 25, 2014)).  Plaintiff subsequently agreed to release all her claims and to dismiss the prior lawsuit against Defendant.  (Compl. ¶¶ 3, 9; see also Mensah Dep, Ex. 3, Doc. 1404, at 40).  Plaintiff avers that in exchange, Defendant was required to readmit her back into the Pediatric Residency Program as a Post Graduate Year 1 resident and provide reasonable accommodation for a broad range of covered disabilities.  (Compl. ¶¶ 3, 9).

Plaintiff also avers that although she fully complied with her obligations under the agreement, Defendant delayed her reentry into the program for more than a month, failed to provide her with self-study materials it agreed to make available prior to readmission, refused her permission to take time off for a post-surgery medical examination and procedure, omitted to provide her with access to a website containing

2

mandatory training modules, did not include her on resident email communications which provided critical information necessary for her successful completion of the program, denied her leave so that she could attend mandatory orientation for residents, and refused to provide clinic experiences equivalent to those provided to other residents. (Compl. ¶¶ 4-14, 21).   Plaintiff claims that Defendant's failure to provide her with training and access to training resources adversely impacted her evaluations and maintains that she was subjected to letters being placed in her file criticizing her professionalism and documenting performance issues.  (Comp. ¶¶ 16-20).   Plaintiff contends that Defendant's alleged failures and omissions breached the settlement agreement and caused her to be unable to complete the residency program resulting in professional harm and harm to her reputation.  (Compl. ¶¶ 33-39).   Plaintiff further contends that she is entitled to attorneys' fees and costs of litigation due to Defendants bad faith and stubborn litigiousness.  (Compl. ¶¶ 40-41).   Finally, Plaintiff asserts that she is entitled to punitive damages because Defendant intentionally retaliated against her for having brought her prior legal action and was determined to cause her to fail in the residency program.  (Compl. ¶¶ 42-44).

Defendant removed the matter to this Court on the grounds that Plaintiff sought to recover for violations of the Americans with Disabilities Act or the Rehabilitation Act claiming that Defendant discriminated and retaliated her and failed to accommodate her based on her disabilities.  (Def.'s Notice of Removal, Doc. 1, at ¶¶ 3-9).   In support, Defendant points out that Plaintiff has filed two complaints with Defendant's Office of

Civil Rights in late 2015 alleging that Defendant violated the Rehabilitation Act when Defendant denied her access to the same services, programs, and activities as other residents due to her disabilities, retaliated against her, and failed to accommodate her disabilities. (Notice of Removal ¶¶ 7-8). Finally, Defendant notes that in the settlement agreement, Plaintiff consented to the exclusive jurisdiction of this Court for matters relating to a breach of the settlement agreement. (Notice of Removal ¶ 6).

## II.   SUBJECT MATTER JURISDICTION

Although no party has raised the issue of whether the Court has subject matter jurisdiction, this Court has a duty to determine sua sponte whether it has subject matter jurisdiction over the case. Cotton v. Mass Mut. Life Ins. Co., 402 F.3d 1267, 1280 (11th Cir. 2005) ("Ordinarily, if removal was improper, the court lacks subject matter jurisdiction and must raise the issue sua sponte and then dismiss on that ground"). "The district court may remand a case sua sponte for lack of subject matter jurisdiction at any time." Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1296 (11th Cir. 2009); see also 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.")

An action brought in a state court may only be "removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Such actions may only be removed if the district courts of the United States have original jurisdiction

4

over the action.  Id.   "[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists."  Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001) (citation omitted); Lowery v. Alabama Power Co., 483 F.3d 1184, 1207-08 (11th Cir. 2007).  In determining whether removal jurisdiction exists, courts must strictly construe the removal statute because of the federalism concerns implicated.  Palisades Collections, LLC v. Shorts, 552 F.3d 327,  333-34 (4th Cir. 2008); Univ. of S. Ala. v. The Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1094 (11th Cir. 1994). "[U]ncertainties are resolved in favor of remand." Burns, 31 F.3d at1095; see also Jones v. LMR Int'l, Inc., 457 F.3d 1174, 1177 (11th Cir. 2006) ("[I]t is axiomatic that ambiguities are generally construed against removal.").  In that vein, conclusory allegations within removal papers and speculation are not sufficient to establish a basis for jurisdiction. Lowery, 483 F.3d at 1214-15; Williams v. Best Buy Co., 269 F.3d 1316, 1319-20 (11th Cir. 2001).

As noted above, Defendant maintains that this Court has federal question jurisdiction because Plaintiff's Complaint asserts claims that Defendant discriminated and retaliated against her and failed to accommodate her disabilities in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. ("the ADA"), and/or the Rehabilitation Act, 29 U.S.C. §§ 794 et seq.  "The presence or absence of a federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists when a federal question is presented on the face of

5

plaintiff's properly pleaded complaint.  The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (internal citation omitted).  "To determine whether the claim arises under federal law, courts examine the 'well pleaded' allegations of the complaint and ignore potential defenses: a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003).  Federal jurisdiction is also proper when federal claims are wrongly characterized as state law claims or, in some limited cases, where the state law claims require interpretation of federal law.  Rivet v. Regions Bank of La., 522 U.S. 470, 476 (1998); Merrell Dow Pharmaceuticals v. Thompson, 478 U.S. 804, 807 (1986).  Neither circumstance is present here.

1.    Plaintiff's Complaint Does Not Assert Claims Pursuant to the ADA or Rehabilitation Act

First, contrary to Defendant's interpretation of the Complaint, Plaintiff does not assert an ADA or Rehabilitation Act claim and there is no federal claim present anywhere in the Complaint.  Count I of Plaintiff's Complaint asserts a state law claim for breach of the settlement agreement.  Count II asserts a state law claim for "damage to reputation" stemming from Defendant's "intentional or negligent failure to provide [her] the benefits of the settlement agreement."  In Count III, Plaintiff seeks attorneys' fees on the grounds that Defendant acted in bad faith and was stubbornly litigious.

6

Finally, in Count IV, Plaintiff argues she is entitled to punitive damages because Defendant "intentionally retaliated against [her] for having brought her prior legal action and was determined to cause her to fail in the residency program." No federal laws were cited within the Complaint. Furthermore, since the filing of the Complaint, Plaintiff has described her claim as a breach of the settlement agreement and denies that she has asserted a claim pursuant to the ADA or the Rehabilitation Act. See Joint Preliminary Report and Discovery Plan, Doc. 5, at 1, 2; Pl.'s Br., Doc. 18, at 18-19; Pl.'s Dep. 227: Pl.'s Statement of Facts ¶ 31).

While Plaintiff's language in Count IV that Defendant "intentionally retaliated against [her] for having brought her prior legal action and was determined to cause her to fail in the residency program" suggests the possibility that Plaintiff could be asserting a claim under the ADA or the Rehabilitation Act, further analysis suggests otherwise. First and foremost, Plaintiff never mentions the ADA or the Rehabilitation Act in the Count or anywhere else in the Complaint. Given Plaintiff's deliberate omission of the ADA and the Rehabilitation Act from the Complaint, it is more plausible that Plaintiff is pleading intentional infliction of emotional distress or some other tort pursuant to state law in Count IV. See, e.g. Yarbray v. S. Bell Tel. & Tel. Co., 261 Ga. 703, 706 (2) (1991) (concluding that where evidence showed employer deliberately set out to retaliate against its employee for testifying against the employer, including subjecting her to abuse and causing her severe emotional pain could subject the company to damage for intentional infliction of emotional distress.). To deduce that Count IV

asserts a claim pursuant to the ADA or the Rehabilitation Act would be pure speculation and speculation is not enough to confer federal jurisdiction. Williams, 269 F.3d at 1319-20. The ambiguity in this case is construed against removal.[1] Jones v. LMR Int'l, Inc., 457 F.3d 1174, 1177 (11th Cir. 2006); Univ. of S. Ala., 168 F.3d at 411 (explaining that "because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly" and "all doubts about jurisdiction should be resolved in favor of remand to state court").

2.   Plaintiff's Breach of Contract Claim Does Not Confer Federal Question Jurisdiction Even If It Invokes Federal Disability Discrimination Law

The closest Plaintiff comes to invoking a basis for federal question jurisdiction is her statements within the Complaint that the settlement agreement between Plaintiff and Defendant provided for reasonable accommodation for a broad range of covered disabilities and a process for making such accommodations and that Defendant violated the settlement agreement when it refused to provide accommodations during the course of Plaintiff's residency. (Compl. ¶¶ 9, 30-31). Plaintiff's statements in this regard, however, suggest a claim for breach of the settlement agreement, which is a state law claim for breach of contract. Contractual disputes over a settlement are ordinarily governed by state law and do not rise under federal law unless there is an independent basis for federal jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375,

---

[1]  Furthermore, as discussed above, Plaintiff has since made it clear that she did not assert claims pursuant to the ADA or the Rehabilitation Act. (Pl.'s Br. 18-19; Pl.'s Dep. 227; Pl.'s Statement of Facts ¶ 31.

AO 72A
(Rev.8/82)

381 (1994); De Varona v. Discount Auto Parts, LLC, 935 F. Supp. 2d 1335, 1341 (S.D. Fla. 2013); Parke v. Glover, No. 09-0327-WS-C, 2010 WL 2036408, *1 n.1 (S.D. Ala. May 19, 2010).

Furthermore, the fact that Plaintiff's breach of contract claim may possibly turn on issues of federal disability discrimination law under the ADA, such as when determining whether she has a covered disability or was denied a reasonable accommodation, is not enough to confer federal jurisdiction. See Agreement and General Release, Pl.'s Dep., Ex. 3, at 2 (Doc. 14-4, at 40) (explaining that Plaintiff "acknowledges that she is only entitled to a reasonable accommodation as defined under the ADA"). Even if Plaintiff's breach of contract claim may therefore invoke federal law under the ADA, it is not necessarily the case that federal question jurisdiction ensues. Jaraith v. Dyer, 154 F.3d 1280, 1282 (11th Cir. 1998) (explaining that the fact that a federal issue is an element of a state law claim does not automatically confer federal question jurisdiction and that the analysis entails "careful judgments about the exercise of federal judicial power"). Only in a narrow range of cases, federal question jurisdiction lies over state law claims that implicate significant federal issues. Gunn v. Minton, 568 U.S. 251, 257-58 (2013) (explaining that the Supreme Court has identified a "special and small category of cases" where arising under jurisdiction still lies even though the claim originates under state rather than federal law); Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 699 (2006) (noting that a case arises under federal law "if a well-pleaded complaint establishes either that federal law creates the

cause of action or that plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law"); Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005); Jaraith, 154 F.3d at 1282 (noting that "in limited circumstances, federal-question jurisdiction may also be available if a substantial, disputed question of federal law is a necessary element of a state cause of action"). In such cases, federal jurisdiction will be conferred over a state law claim that implicates a federal issue when: (1) a federal issue is raised; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) the issue is capable of resolution in federal court without disrupting the federal-state balance approved by Congress. Gunn, 568 U.S. at 258. For purposes of determining whether the federal issue is substantial, "it is not enough that the federal issue be significant to the particular parties in the immediate suit," the inquiry is the importance of the issue to the federal system as a whole. Gunn, 568 U.S. at 260. Factors to assist in the inquiry of whether there is an important federal issue include whether (1) the federal issue is a pure question of law; (2) whether the federal question "will control many other cases"; and (3) whether the question is one where "the government has a strong interest in litigating in a federal forum." MDS (Canada) Inc. v. Rad Source Techs., Inc., 720 F.3d 833, 842 (11th Cir. 2013). Each of these factors militate against the assumption of federal jurisdiction in this case.

First, Plaintiff's Complaint does not present a federal issue that is a pure question of law. Plaintiff's claim that Defendant's actions violated the contract appear instead

to be dominated by factual issues.  Plaintiff alleges the settlement agreement provided for a broad range of covered disabilities, that the agreement provided a process for reasonable accommodations to be made for her, and that Defendant violated the agreement when it refused to accommodate her.  (Compl. ¶¶ 9, 30-31).  Thus, the Complaint presents a series of factual issues, such as the assertion that the agreement provides for reasonable accommodations, Plaintiff's request for and entitlement to accommodations under the agreement, whether such accommodations would be reasonable, and Defendant's alleged refusal to provide accommodations.  Defendant does not allege in its removal papers or in its Motion for Summary Judgment any pure issue of law for the Court to resolve.  Additionally, Plaintiff does not present such an issue in the Complaint.  Accordingly, this factor militates against assumption of federal question jurisdiction.  See Batchelor v. Deloitte & Touche, LLP, No. 08-CIV-22686, 2009 WL 1255449, at *4 (S.D. Fla. Apr. 27, 2009) (finding that complaint did not present substantial issue of federal law where claim relied upon fact-specific circumstances of employee's termination, the meaning of a federal regulation was not the central issue, and the case occurred between private parties).

Likewise, the parties have not alleged that this case will be controlling for many other cases.  Indeed, even if it is assumed that the Plaintiff's Complaint invokes federal disability discrimination laws, there is no indication here that the Complaint involves adjudication of more than run-of-the-mill type disability discrimination issues, such as the reasonableness of a requested accommodation as well as examination of the reasons

11

for Plaintiff's dismissal from the program.  Indeed, Defendant's Notice of Removal discusses Plaintiff's claims as relating to whether Defendant discriminated and retaliated against her and failed to accommodate her based on her disabilities when it denied her access to the same services, programs, and other residents in Defendant's pediatric residency program.  (Notice of Removal, Doc. 1, at 5).  Similarly, Defendant's Motion for Summary Judgment is devoted to run-of-the-mill issues such as whether Plaintiff is a qualified person with a disability, whether Plaintiff's requested accommodation was reasonable, and whether Plaintiff can show that Defendant's reason for its employment actions is a pretext for disability discrimination.  (Def.'s Br. 20-25).  There is no disputed interpretation of a federal statute at stake in this case and Defendant does not point out any unclear issue of federal law.  Under these circumstances, this Court cannot conclude that this case will set controlling precedent for a lot of cases.  <u>Adventure Outdoors, Inc. v. Bloomberg</u>, 552 F.3d 1290, 1300 (11th Cir. 2008) (finding that federal issue was not substantial where there was no unclear provision of federal law to interpret and interpretation of state law issue would not have precedential affect in federal system); <u>Cooper v. Int'l Paper Co.</u>, 912 F. Supp. 2d 1307, 1315-16 (S.D. Ala. 2012) (same).

This Court also cannot conclude that the government has a strong interest in litigating this case in a federal forum.  While there is an obvious federal interest in protecting individuals from disability discrimination, Plaintiff had a choice to seek adjudication in a federal forum for disability discrimination claims, but chose not to do

so.  Instead, Plaintiff chose to pursue her claim under a breach of contract theory, and expressly states that she is not asserting disability discrimination in this suit. Additionally, as noted above, the case presents, at best, garden-variety federal issues, the case is unrelated to the action of any federal agency, there is no dispute with respect to interpretation of a federal statute, and there is no indication that a state forum would have difficulty evaluating the issues.  Under these circumstances, Plaintiff's Complaint fails to raise a substantial federal issue and federal jurisdiction is not warranted.  See Eastman v. Marine Mech. Corp., 438 F.3d 544, 551-52 (6th Cir. 2006) (holding that state wrongful termination claim relying on federal statutes as source of public policy did not raise substantial federal question supporting removal jurisdiction because there would be a dramatic shift of litigation to federal courts and there was no disputed interpretation of a federal law at stake); McGuire v. Palmerton Hosp., No. 12-1718, 2012 WL 2362488, at *2 (E.D. Penn. June 20, 2012) (rejecting federal jurisdiction over breach of employment contract claim which invoked federal age discrimination law because the federal issues were unrelated to the actions of any federal agency and the determination of whether defendants breached employment contract was fact-bound and situation-specific); Meyer v. Health Mgmt. Assoc., 841 F. Supp. 2d 1262, 1269-72 (S.D. Fla. 2012) (rejecting substantiality of federal issue in state whistle blower claim where the action concerned private parties and there was no federal actor, resolution of the federal issue would not dispose of the case, interpretation of federal statute would not have precedential affect, and if case were allowed into federal court, it would "set out

13

the welcome mat for any and every state law employment action premised upon a violation of some federal authority"); Steele v. SALB, No. 09-2400 (CKK), 681 F. Supp. 2d 34, 37 (D.C. Cir. 2010) (holding that the fact that plaintiff's lawsuit is based on alleged errors made by attorneys while representing plaintiff in federal Title VII action was not enough to create federal question jurisdiction); Corre v. Steltenkamp, No. 06-30-DLB, 2006 WL 2385352, at *2 (E.D. Ky. Aug. 16, 2006) (holding that breach of contract claim for failure to pay minimum and overtime wages which might require consultation of federal wage and hour law when interpreting contract did not have substantial federal question allowing assertion of federal jurisdiction).

>    3.    The Court Does Not Have Ancillary Jurisdiction Based On Enforcement of a Settlement Agreement Stemming From the Prior Discrimination Lawsuit

Additionally, the fact that Plaintiff is seeking to enforce a settlement agreement which resolved a prior federal discrimination lawsuit does not confer jurisdiction on this Court.  Contractual disputes over a settlement are ordinarily governed by state law and do not rise under federal law unless there is an independent basis for federal jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381 (1994); De Varona v. Discount Auto Parts, LLC, 935 F. Supp. 2d 1335, 1341 (S.D. Fla. 2013); Parke v. Glover, No. 09-0327-WS-C, 2010 WL 2036408, *1 n.1 (S.D. Ala. May 19, 2010). "Under certain circumstances, federal jurisdiction may be predicated upon ancillary jurisdiction for matters that are incidental to an action properly before a federal court." Otegui v. City Works Constr. LLC, No. 14-21057-CIV-WILLIAMS/SIMONTON, 2017

14

WL 945638, at *2 (S.D. Fla. Jan. 17, 2017).  Ancillary jurisdiction has been asserted in order "to enable a court to function successfully, that is, to manage is proceedings, vindicate its authority, and effectuate its decrees."  Kokkonen, 511 U.S. at 379-80.  The concept of limited federal jurisdiction, however, does not permit courts to assert ancillary jurisdiction merely over any agreement that has as part of its consideration the dismissal of a case before a federal court.  Kokkonen, 511 U.S. at 380.  "To retain jurisdiction to enforce a settlement agreement, the court itself must act; agreement by the parties is not enough."  Anago Franchising, Inc. v. Shaz, LLC, 677 F.3d 1272, 1278-79 (11th Cir. 2012).  Thus, the court may maintain ancillary jurisdiction where the district court either "incorporates the terms of a settlement into its final order of dismissal or expressly retains jurisdiction to enforce a settlement." Am. Disability Ass'n v. Chmielarz, 289 F.3d 1315, 1320 (11th Cir. 2002).  Here, the prior case was not dismissed by the district court and the district court did not issue any order retaining jurisdiction.  Plaintiff merely stipulated to the dismissal of her claims.  See Mensah v. Morehouse Sch. of Medicine, No. 1:14-CV-1991, Doc. 20 (N.D. Ga. Mar. 3, 2015). Under these circumstances, the district court does not have ancillary jurisdiction to enforce the settlement agreement between the parties.  Kokkonen, 289 F.3d at 1320; Anago Franchising, 677 F.3d at 1278-79; Chmielarz, 289 F.3d at 1320; Otegui, 2017 WL 945638, at *2-3; Plant Food Sys., Inc. v. Foliar Nutrients, Inc., No. 6:11-cv-1880-Orl-28DAB, 2012 WL 5387701, at *4 (M.D. Fla. Oct. 3, 2012).

　　　Likewise, the fact that Plaintiff may have agreed to have certain disputes arising

15

under the settlement agreement adjudicated in federal court does not confer jurisdiction on this Court. (Notice of Removal, Doc. 1, ¶ 6). Parties cannot confer subject matter jurisdiction on a federal court by agreement or waiver. <u>Univ. of S. Ala. v. Am. Tobacco Co.</u>, 168 F.3d 405, 410 (11th Cir. 1999); <u>Black Warrior Riverkeeper v. Metro Recycling, Inc.</u>, No. 2:17-cv-01050-LSC, 2017 WL 6492545, at *7 (N.D. Ala. Dec. 18, 2017); <u>Trump v. Dagostino</u>, No. 8:09-CV-2460-T-27EAJ, 2010 WL 3365342, at *2 n.4 (M.D. Fla. Aug. 24, 2010). Because there is no basis for federal jurisdiction, this case should be **REMANDED** to the Superior Court of Fulton County and the disposition of Defendant's pending summary judgment motion should be **DEFERRED** to the Superior Court of Fulton County. (Doc. 14).

## <u>CONCLUSION</u>

Based on the foregoing reasons, the Court lacks subject matter jurisdiction over this case and it should be **REMANDED** to the Superior Court of Fulton County. The disposition of Defendant's pending summary judgment motion should be **DEFERRED** to the Superior Court of Fulton County. (Doc. 14). As this is a final Report and Recommendation and there are no other matters pending before this Court, the Clerk is directed to terminate the reference to the undersigned.

**IT IS SO REPORTED AND RECOMMENDED**, this   4th   day of January, 2018.

/s/ Linda T. Walker
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

16