IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FREDA MENSAH,

                **Plaintiff,**

     v.

MOREHOUSE SCHOOL OF
MEDICINE,

                **Defendant.**

1:16-cv-3359-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Linda T. Walker's Final

Report and Recommendation [23] (the "Final R&R"). The Final R&R

recommends that this action be remanded to the Superior Court of Fulton County

for lack of federal subject matter jurisdiction.

## I.    BACKGROUND

Plaintiff, Dr. Freda Mensah, was a medical resident enrolled in Defendant

Morehouse School of Medicine's ("Defendant") Community Pediatric Residency

Program. On or about February 9, 2015, Plaintiff and Defendant entered into a

settlement agreement (the "Settlement Agreement") readmitting Plaintiff into

Defendant's program after Plaintiff agreed to a general release of all claims and

voluntarily dismissed her then-pending action against Defendant in this Court in

case captioned 1:14-cv-1991-WBH.  In that lawsuit, Plaintiff alleged that

Defendant discriminated against her on the basis of her disability in violation of the

Americans with Disabilities Act, 42 U.S.C. § 12182 ("the ADA") and the

Rehabilitation Act, 29 U.S.C. § 701, when Defendant denied her requests for

reasonable accommodation and dismissed her from the residency program.  (See

Mensah v. Morehouse Sch. of Medicine, No. 1:14-CV-1991, Am. Compl., [7]

¶¶ 65-79 (N.D. Ga. Aug. 25, 2014)).

On July 22, 2016, Plaintiff filed this action against Defendant in the Superior

Court of Fulton County.  ([1.1]).  Plaintiff alleges state law causes of action for

breach of the Settlement Agreement, damage to reputation, liability for punitive

damages, and attorney's fees due to Defendant's bad faith and stubborn

litigiousness.  Plaintiff alleges that under the Settlement Agreement, Defendant

was required to readmit her back into the Pediatric Residency Program as a Post

Graduate Year 1 resident and provide reasonable accommodation for a broad range

of covered disabilities.  (See Compl. ¶¶ 3, 9; Agreement and General Release, Pl.'s

Dep., Ex. 3, at 2 ([14.4] at 40) (explaining that Plaintiff "acknowledges that she is

only entitled to a reasonable accommodation as defined under the ADA")).

Plaintiff also alleges that although she fully complied with her obligations

under the Settlement Agreement, Defendant delayed her reentry into the program

for more than a month, failed to provide her with self-study materials it agreed to make available prior to readmission, refused to grant her permission to take time off for a post-surgery medical examination and procedure, omitted to provide her with access to a website containing mandatory training modules, did not include her on resident email communications which provided critical information necessary for her successful completion of the program, denied her leave so that she could attend mandatory orientation for residents, and refused to provide clinic experiences equivalent to those provided to other residents. (Compl. ¶¶ 4-14, 21). Plaintiff claims that Defendant's failure to provide her with training and access to training resources adversely impacted her evaluations and maintains that she was subjected to letters being placed in her file criticizing her professionalism and documenting performance issues. (Id. ¶¶ 16-20). Plaintiff contends that Defendant's alleged failures and omissions breached the Settlement Agreement and caused her to be unable to complete the residency program resulting in professional harm and harm to her reputation. (Id. ¶¶ 33-39).

On September 7, 2016, Defendant removed this action to this Court [1] pursuant to 28 U.S.C. §§ 1441(a) and 1446. In asserting its basis for federal-question jurisdiction, Defendant argues that "it appears" that Plaintiff "seeks to recover for alleged violations of federal anti-discrimination laws pursuant to the

[ADA] and/or Section 504 of the Rehabilitation Act of 1973." (Notice of Removal [1] ¶ 3). To demonstrate that this action presents a federal question, Defendant notes that Plaintiff has filed two complaints with Defendant's Office of Civil Rights in late 2015 alleging that Defendant violated the Rehabilitation Act when Defendant denied her access to the same services, programs, and activities as other residents due to her disabilities, retaliated against her, and failed to accommodate her disabilities. (Id. ¶¶ 7-8). Finally, Defendant argues that in the Settlement Agreement, Plaintiff consented to the exclusive jurisdiction of this Court for matters relating to a breach of the settlement agreement. (Id. ¶ 6).

On May 15, 2017, Defendant filed its Motion for Summary Judgment [14]. That motion was submitted to the Magistrate Judge on June 20, 2017.

On January 4, 2018, the Magistrate Judge issued the Final R&R [23]. In the Final R&R, the Magistrate Judge did not address Defendant's motion for summary judgment. Instead, the Magistrate Judges raised the issue of federal subject matter jurisdiction *sua sponte*, and recommended that this action be remanded to the Superior Court of Fulton County for lack of jurisdiction. The Magistrate Judge found (i) on its face, the Complaint does not assert claims pursuant to the ADA or the Rehabilitation Act; (ii) Plaintiff's breach of contract claim does not confer federal question jurisdiction even if it invokes federal disability discrimination law;

and (iii) the Court does not have ancillary jurisdiction over the Settlement

Agreement despite language in the agreement consenting to the jurisdiction of this

Court for matters relating to breach of the Settlement Agreement.

On January 18, 2018, Defendant filed its Objections to the Final R&R [25].

Defendant objects to the Magistrate Judge's finding that this Court lacks subject

matter jurisdiction on the grounds that Plaintiff's breach of contract claim raises a

substantial federal issue.

## II.    DISCUSSION

### A.    Standard of Review of a Magistrate Judge's R&R

After conducting a careful and complete review of the findings and

recommendations, a district judge may accept, reject, or modify a magistrate

judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams

v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge

"shall make a de novo determination of those portions of the report or specified

proposed findings or recommendations to which objection is made."  28 U.S.C.

§ 636(b)(1).  Where no party has objected to the report and recommendation, the

Court conducts only a plain error review of the record.  United States v. Slay,

714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

Defendant objects to the Magistrate Judge's finding that the fact Plaintiff's

breach of contract claim may turn on issues of federal disability discrimination law

under the ADA is insufficient to confer federal jurisdiction. The Court conducts its

review of those findings and recommendations *de novo*. Defendant does not object

to the Magistrate Judge's finding that the Complaint, on its face, does not state a

claim for relief under federal law. Nor does Defendant object to the Magistrate

Judge's finding that the Court may not exercise ancillary jurisdiction over the

Settlement Agreement by way of agreement or waiver. For these portions of the

Final R&R to which an objection is not made, the Court reviews them for plain

error. Slay, 714 F.2d at 1095.

B.     Subject Matter Jurisdiction and Removal Principles

Federal district courts have an "independent obligation to determine whether

subject-matter jurisdiction exists, even in the absence of a challenge from any

party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006). Indeed, it is well

settled that a federal court is obligated to inquire into subject matter jurisdiction

*sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co.,

168 F.3d 405, 410 (11th Cir. 1999).

An action brought in a state court may only be "removed by the defendant or

the defendants to the district court of the United States for the district and division

embracing the place where such action is pending." 28 U.S.C. § 1441(a). Such

actions may only be removed if the district courts of the United States have

original jurisdiction over the action. Id. "[I]n removal cases, the burden is on the

party who sought removal to demonstrate that federal jurisdiction exists."

Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001)

(citation omitted); Lowery v. Alabama Power Co., 483 F.3d 1184, 1207-08 (11th

Cir. 2007). In determining whether removal jurisdiction exists, courts must strictly

construe the removal statute because of the federalism concerns implicated.

Univ. of S. Ala. v. The Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999);

Burns v. Windsor Ins. Co., 31 F.3d 1092, 1094 (11th Cir. 1994). "[U]ncertainties

are resolved in favor of remand." Burns, 31 F.3d at 1095; see also Jones v.

LMR Int'l, Inc., 457 F.3d 1174, 1177 (11th Cir. 2006) ("[I]t is axiomatic that

ambiguities are generally construed against removal."). In that vein, conclusory

allegations within removal papers and speculation are not sufficient to establish a

basis for jurisdiction. Lowery, 483 F.3d at 1214-15; Williams v. Best Buy Co.,

269 F.3d 1316, 1319-20 (11th Cir. 2001).

Removal in this case is based on federal-question jurisdiction, which extends

to "all civil actions arising under the Constitution, laws, or treaties of the United

States." 28 U.S.C. § 1331. "The presence or absence of federal-question

jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

"Although the vast majority of cases that fall within such federal-question jurisdiction are cases that arise under federal law that creates a cause of action, in limited circumstances, federal-question jurisdiction may also be available if a substantial, disputed question of federal law is a necessary element of a state cause of action." Jairath v. Dyer, 154 F.3d 1280, 1282 (11th Cir. 1998). In such cases, federal jurisdiction will be conferred over a state law claim when: (i) a federal issue is raised; (ii) the federal issue is actually disputed; (iii) the federal issue is substantial; and (iv) the issue is capable of resolution in federal court without disrupting the federal-state balance approved by Congress. Gunn v. Minton, 568 U.S. 251, 258 (2013). Only "[w]here all four of these requirements are met" is jurisdiction proper because there is a "serious federal interest in claiming the advantages thought to be inherent in a federal forum," which can be vindicated without disrupting Congress's intended division of labor between state and federal courts. Id. (citing Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg., 545 U.S. 308, 313-314 (2005)).

C.    Analysis

The Magistrate Judge found that, contrary to Defendant's suggestion, Plaintiff's Complaint does not assert claims pursuant to the ADA or the Rehabilitation Act.  On the face of the Complaint, Plaintiff asserts a state law claim for breach of the settlement agreement, "damage to reputation" stemming from Defendant's "intentional or negligent failure to provide [her] the benefits of the settlement agreement," attorney's fees, and punitive damages.  Defendant asserts that Plaintiff alleges a claim under the ADA or the Rehabilitation Act by alleging that Defendant "intentionally retaliated" against her for the prior legal action.  The Magistrate Judge found that it was more than plausible that Plaintiff is pleading a state law tort claim "[g]iven Plaintiff's deliberate omission of the ADA and the Rehabilitation Act in the Court or anywhere else in the Complaint."  (Final R&R at 7).  Defendant does not object to this finding, and the Court does not find the Magistrate Judge plainly erred in making it.

The Magistrate Judge's also found that this Court cannot exercise ancillary jurisdiction over this claim merely because it arose out of the settlement of the ADA case in this Court.  The Magistrate Judge found that the concept of limited federal jurisdiction does not permit the Court to assert ancillary jurisdiction over a settlement agreement that has as part of its consideration a plaintiff's voluntary

9

dismissal of a case before a federal court, especially where the district court did not issue an order retaining jurisdiction. (Final R&R at 15). Defendant did not object to this finding, and the Court finds that the Magistrate Judge did not plainly err in making it.

Defendant does object to the Magistrate Judge's finding that even though Plaintiff's breach of contract claim may turn on interpretations of the ADA—such as determining whether Plaintiff has a covered disability or was denied a reasonable accommodation—the exercise of federal jurisdiction is improper.

Defendant argues that the exercise of jurisdiction is proper because the breach of contract claim raises substantial federal issues sufficient to satisfy the third element of the Gunn analysis. ([25] at 3). The Eleventh Circuit has held that factors to assist in the inquiry of whether there is a substantial federal issue include whether (1) the federal issue is a pure question of law; (2) the federal question "will control many other cases"; and (3) the question is one where "the government has a strong interest in litigating in a federal forum." MDS (Canada) Inc. v. Rad Source Techs., Inc., 720 F.3d 833, 842 (11th Cir. 2013). First, Plaintiff's allegations that the Settlement Agreement provides for a broad range of covered disabilities, and that Defendant violated that agreement when it failed to provide reasonable accommodations, raise predominantly factual issues. Defendant does

not object to the Magistrate Judge's finding that the Complaint does not raise a pure question of law, and the Court finds no plain error in that finding. This factor favors remand. See Batchelor v. Deloitte & Touche, LLP, No. 08-CIV-22686, 2009 WL 1255449, at *4 (S.D. Fla. Apr. 27, 2009) (finding that complaint did not present substantial issue of federal law where claim relied upon fact-specific circumstances of employee's termination, the meaning of a federal regulation was not the central issue, and the case occurred between private parties).

Defendant objects to the Magistrate Judge's finding that the potential federal issues will not be controlling for many other cases. Defendant argues that Plaintiff's breach of contract claim could have an impact "on a broad spectrum of cases" because "the intersection of reasonable accommodations in the medical residency and medical licensing requirements context could be applicable in other cases." ([25] at 5-6). This argument is not compelling and is the sort of speculative conjecture that will not support the exercise of federal jurisdiction. The Magistrate Judge found, and upon *de novo* review this Court agrees, that this action is "devoted to run-of-the-mill issues such as whether Plaintiff is a qualified person with a disability, whether Plaintiff's requested accommodation was reasonable, and whether Plaintiff can show that Defendant's reason for its employment actions is a pretext for disability discrimination." (Final R&R at 12).

11

There is no disputed interpretation of a federal statute at stake in this case and Defendant does not point out any unclear issue of federal law. See Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1300 (11th Cir. 2008) (finding that federal issue was not substantial where there was no unclear provision of federal law to interpret and interpretation of state law issue would not have precedential affect in federal system). The Court finds that there is no basis on which to find that this case will be controlling for many other cases.

Third, there is no basis to support that the government has a strong interest in litigating in a federal forum. Defendant objects that the federal government has a strong interest in the interpretation of reasonable accommodations in the context of competency exams and licensing requirements in the medical profession. The Magistrate Judge found that this case presents, at best, garden-variety federal issues, is unrelated to the action of any federal agency, there is no dispute with respect to interpretation of a federal statute, and there is no indication that a state forum would have difficulty evaluating the issues. Defendant's objection is speculative and failed to rebut any of the Magistrate Judge's findings on this point. Upon *de novo* review, this Court finds that the Complaint does not raise a substantial federal issue.

## III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Linda T. Walker's Final

Report and Recommendation [23] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the

Superior Court of Fulton County.

**IT IS FURTHER ORDERED** that Defendant's pending motion for

summary judgment [14] is **DENIED AS MOOT**.


**SO ORDERED** this 13th day of February, 2018.


WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE